IN THE UNITED DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **Board of Trustees, Sheet Metal Workers'** | ) | |
| **National Pension Fund, *et al.*,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:08-cv-515 |
| | ) | |
| **Bradford Sheet Metal, Inc.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Lori Marcinko,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This case is before the Court on the plaintiffs' motion for default judgment (docket no.9) against Bradford Sheet Metal, Inc. and Lori Marcinko (collectively "defendants"). Process for defendant Lori Marcinko was personally served by private process server on Lori Marcinko, on June 26, 2008. Process for defendant Bradford Sheet Metal, Inc. ("Bradford, Inc.") was served by private process server on Ms. Becky Degeorge, who is authorized to receive service of process for Bradford, Inc., on August 19, 2008. No answer or other response to the complaint has been filed. The Clerk entered default on September 17, 2008.[1]

---

[1] A summons was issued for Bradley Marcinko on May 30, 2008, but was returned unexecuted on September 15, 2008. In the default judgment hearing held on October 24, 2008, plaintiffs' counsel was asked if plaintiffs wished to proceed further against Bradley Marcinko. Plaintiffs' counsel responded that plaintiffs did not wish to proceed against Bradley Marcinko. Accordingly, the magistrate judge recommends that the complaint be dismissed as to him.

1

**Jurisdiction and Venue**

This court has subject matter jurisdiction over this action under 29 U.S.C. §§ 1132(e) and (f), 1145, and 1451(c).  Venue is proper in this court under 29 U.S.C. §§ 1132(e)(2) and 1451(d). The complaint alleges facts upon which the court has personal jurisdiction over defendants under Va. Code § 8.01-328.1(A)(4).

**Fact Summary**

The magistrate judge finds that the following facts are established by the complaint and by plaintiffs' motion and affidavits in support of default judgment.

Plaintiffs[2], which are employee benefit plans[3], bring this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA")[4] and Section 301 of the Labor Management Relations Act ("LMRA").[5]

Defendant Bradford, Inc. is a suspended California corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6), and (7), 1002(5), (11), and (12).  Bradford, Inc.'s principal place of business is located in Lancaster, California. Bradford, Inc. forfeited its corporate powers, but continues to operate as an unincorporated

---

[2]The Sheet Metal Workers' National Pension Fund ("NPF" or the "Fund")), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") (previously known as the National Training Fund for the Sheet Metal and Air Conditioning Industry), the National Energy Management Institute Committee and National Energy Management Institute (jointly "NEMIC"), and the Sheet Metal Occupational Health Institute Trust Fund ("SMOHI"). NPF, ITI, NEMIC and SMOHI are jointly referred to as "National Funds."

[3]29 U.S.C. §§ 1002(3)

[4]29 U.S.C.§§ 1132 and 1145.

[5]*See* 29 U.S.C. § 185.

2

association (docket no. 10, exhibit 11).

Defendant Lori A. Marcinko is an individual with a business address in Lancaster, California.  Lori Marcinko has carried on the business of Bradford, Inc. after forfeiture of its corporate powers and is responsible as a partner in an unincorporated association for the debts of the continued business.  Moreover, Lori Bradford is an owner, officer, agent, or managing agent of Bradford, Inc. with liability for any misuse or misdirection of its corporate assets.

Bradford, Inc. employs individuals who are represented by Sheet Metal Workers' International Association Local Union No. 105 ("Local Union No. 105") in a collective bargaining agreement with Bradford, Inc.  The agreement with Local Union No. 105 covered the time period effective July 1, 2001 through June 30, 2007, and continues unless it is lawfully terminated by the parties (Collective Bargaining Agreement p. 17).

Pursuant to the aforementioned collective bargaining agreement, defendants must honor the terms and conditions of the Agreements and Declarations of Trust establishing the Fund.  To that end, defendants must submit monthly remittance reports detailing hours worked and paid, and is further required to make contributions for all of its covered employees employed within any jurisdiction of the Sheet Metal Workers' International Association.  These monthly reports must include the amount of the contribution defendants are required to make to each Fund based on the number of hours worked by its covered employees.  These monthly reports, which must be submitted with the amount due on or before the twentieth (20th) day after the end of the calendar month, must include the amount of the contribution defendants are required to make to each Fund based on the number of hours worked by its covered employees.  Without these reports, plaintiffs can neither determine the amount of the contribution that should be made to each Fund,

3

nor can they determine the eligibility for benefits of a particular participant..

Defendants failed to submit the requisite contributions when due for the months of August of 2002 through March of 2008.  Consequently, pursuant to the Funds' Agreements and Declaration of Trust to which defendants are bound under the collective bargaining agreement, and under Section 502(g)(2) of ERISA,[6] plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on contributions which were paid late or remain unpaid;[7] (3) liquidated damages in an amount equal to the greater of: (i) interest on all unpaid contributions or (ii) twenty percent (20%) of the contributions that were unpaid on the date the lawsuit was filed, or which became delinquent subsequent to the filing of the lawsuit; (4) contractual late charges;[8] and, (5) reasonable attorneys' fees and the cost of this action.

### Contributions Owed, Interest and Liquidated Damages

Based on the reports submitted by the plaintiffs, the following amounts are due and owing for the period August 2002 through March of 2008.

---

[6]*See* 29 U.S.C. §1132(g)(2).

[7]The Agreements and Declarations of Trust and 29 U.S.C. § 1132(g)(2) provide that interest shall be paid at the amount stated in the agreement itself or the rate prescribed under Section 6621 of the Internal Revenue Code.  Under the terms of the documents governing the agreement between the parties, the rate on delinquent contributions is twelve percent (12%), effective April 1, 2000.

[8]Equal to ten percent (10%) of the amount of contributions paid before filing the complaint, but paid late, or fifty dollars ($50.00), whichever is greater.

4

| Fund[9] | Delinquent Contributions[10] | Accrued Interest[11] | Liquidated Damages[12] | Late Charges[13] |
|---|---|---|---|---|
| **NPF** | **$5,986.20** | **$876.42** | **$1,159.44** | **$4,044.37** |
| **ITI** | **$612.68** | **$74.43** | **$117.10** | **$549.23** |
| **NEMIC** | **$168.09** | **$27.80** | **$32.18** | **$135.43** |
| **SMOHI** | **$100.19** | **$13.74** | **$19.05** | **$222.38** |
| **TOTAL** | **$6,867.16** | **$992.39** | **$1,327.77** | **$4,818.43** |

### Attorneys' Fees and Costs

The Restated Agreement and Declarations of Trust and Section 502(g)(2) of ERISA,[14] provide that an employer may be required to pay all attorneys' fees and costs incurred. Plaintiffs' counsel avers under oath that the following is an accurate representation of the attorneys' fees and costs incurred in this proceeding.

| Attorneys' Fees | | | |
|---|---|---|---|
| Service | Rate per hour | Time Used/Hours | Cost |
| Counsel #1 | $180.00 | 24.2 | $4,356.00 |

---

[9]The NPF, ITI, NEMIC, and SMOHI are referred to jointly as "National Funds."

[10]Calculated for the period August of 2002 through March of 2008 for the National Funds.

[11]Calculated through November 7, 2007.

[12]Liquidated Damages are calculated at twenty percent (20%) of the contribution amount for contributions that are paid more than thirty (30) days after the due date.

[13]Calculated for the period August of 2004 through November 2007.

[14]29 U.S.C. § 1132(g)(2).

| | | | |
|---|---|---|---|
| Counsel #2 | $180.00 | 4 | $720.00 |
| Counsel #3 | $195.00 | 0.5 | $97.50 |
| Counsel #4 | $180.00 | 0.4 | $72.00 |
| Paralegal | $70.00 | 1.5 | $105.00 |
| NPF In House Paralegal | $100.00 | 1 | $100.00 |
| **Total Amount** | | | **$5,450.50** |

| Costs | |
|---|---|
| Process Fees | $390.00 |
| Background Searches | $107.85 |
| Other Costs | $1,087.58 |
| **Total** | **$1,585.43** |

The magistrate judge has examined the record and finds that this amount is reasonable compensation for work necessarily expended to enforce plaintiffs' rights.

On these facts, the magistrate judge finds that the submitted pleadings and affidavits establish that plaintiffs are entitled to a default judgment and damages in accordance with the following:

| Total Amount Due | |
|---|---|
| **Delinquent Contributions** | **$6,867.16** |
| **Interest** | **$992.39** |
| **Liquidated Damages** | **$1,327.77** |
| **Late Fees** | **$4,818.43** |
| **Attorneys' Fees** | **$5,450.50** |
| **Costs** | **$1,585.43** |
| **Total** | **$21,041.68** |

6

## **Injunction**

The magistrate judge further finds that plaintiffs are entitled to an injunction requiring defendants to: (1) submit the requisite remittance reports and contributions owed pursuant to any collective bargaining agreement under which defendants are required to make contributions; (2) permit plaintiffs to conduct an audit of Bradford, Inc.'s wage, payroll, and personnel records for periods during which defendants were required to make contribution; and (3) pay any additional amounts found owing pursuant to the audit.

## **Recommendation**

The magistrate judge recommends that default judgment be entered against defendants Bradford, Inc. and Lori Marcinko, jointly and severally, in favor of plaintiffs Board of Trustees, Sheet Metal Workers' National Pension Fund, *et al.*, in the amount of $21,041.68.  The magistrate judge further recommends that injunctive relief be awarded requiring defendants to make all payments when due, and permitting plaintiffs to conduct an audit of Bradford, Inc.'s relevant business records to ascertain the amount, if any, of damages yet to be paid by defendants.

## **Notice**

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendants' address used for service of process, the parties are notified as follows.  Objections to this report and recommendation must be filed within ten (10) days of service on you of this report and recommendation.  A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and

recommendation and waives appellate review of a judgment based on this report and

recommendation.

_____ /s/ _____
Thomas Rawles Jones, Jr.
United States Magistrate Judge

October 29, 2008
Alexandria, Virginia